IKUTA, Circuit Judge,
concurring in the judgment:
I concur in the majority’s disposition of Lewis’s claim that his counsel’s failure to discover the 1993 psychological report constituted ineffective assistance of counsel. The state court’s rejection of this claim was neither contrary to nor an unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), see 28 U.S.C. § 2254(d)(1), because counsel’s performance did not fall below an objective standard of reasonableness and there' is' no reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different, see Strickland, 466 U.S. at 687-92, 104 S.Ct. 2052. Therefore, the district court did not err in denying Lewis’s habeas petition on this claim.
I write separately because we lack jurisdiction over Lewis’s second claim — that his counsel’s failure to submit eleven character letters constituted ineffective assistance of counsel. “AEDPA’s one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.” Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). Otherwise, “AEDPA’s statute of limitations never completely runs on any claim so long as there is a possibility of a timely challenge for one claim.” Id. (emphasis omitted); see also Mayle v. Felix, 545 U.S. 644, 662, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (“If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA’s limitation period would have slim significance.”). Lewis’s claim that counsel was ineffective for failing to submit character letters at sentencing has a different *813 thrust or gravamen” from the claim based on failure to discover the 1993 report. See Gimenez v. Ochoa, 821 F.3d 1136, 1141 (9th Cir. 2016) (analyzing the characterization of ineffective assistance of counsel “claims” under 28 U.S.C. § 2244). Because Lewis knew or should have known that his counsel failed to submit the character letters at sentencing, the one-year statute of limitations under § 2244(d)(1)(D) had long expired by the time he filed his second federal habeas petition in November 2012. Accordingly, this claim is barred under 28 U.S.C. § 2244(d)(1).[1]

. To Ae extent Lewis also asserts Aat his counsel rendered ineffective assistance by failing to argue Aat Lewis was mentally handicapped at sentencing, Aat claim was also discoverable at trial, and therefore is also barred under 28 U.S.C. § 2244(d)(1).